

FILED

07/14/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0292

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0292

MONTANA BOARD OF ENVIRONMENTAL
REVIEW,

Petitioner,

v.

MONTANA SIXTEENTH JUDICIAL DISTRICT
COURT, ROSEBUD COUNTY, HON.
KATHERINE M. BIDEGARAY,

Respondent.

O R D E R

Petitioner Montana Board of Environmental Review (BER) seeks a writ of supervisory control directing the Sixteenth Judicial District Court, Rosebud County, to reverse its March 12, 2020 Order Denying Respondent Montana Board of Environmental Review's Motion to Dismiss its Cause No. DV 19-34. BER had sought dismissal from the underlying proceeding because it contends it is not a necessary named party in that action.

After receiving BER's petition for writ of supervisory control, we stayed the matter in the District Court pending this Court's decision. We granted the District Court and Montana Environmental Information Center (MEIC) and Sierra Club, the petitioners in the underlying matter, the opportunity to respond in accordance with M. R. App. P. 14(7). MEIC has responded.

In December 2015, the Montana Department of Environmental Quality (DEQ) issued a permit which MEIC and the Sierra Club then appealed to BER pursuant to the Montana Stripe and Underground Mine Reclamation Act and the Montana Administrative Procedure Act (MAPA). BER upheld the permit and MEIC and the Sierra Club then petitioned for judicial review. In their Petition for Review of Final Agency Action, filed in the Sixteenth Judicial District Court, they named DEQ, BER and Western Energy Co.

as defendants. Among the relief they sought was a declaration that, "DEQ and BER violated MAPA, the Montana Strip-mining Law, and the Montana Constitution," and the reversal of BER's dismissal of their case.

BER then moved for dismissal, arguing that the District Court should dismiss BER from the case because it was not a necessary party under M. R. Civ. P. 19. The District Court denied BER's motion, ruling that while BER was not a necessary party under Rule 19, this Court has previously held that an agency that issues a final decision in a contested case may be a party to a case seeking judicial review of that decision and as such, dismissal of BER was not required.

BER then filed this petition for writ of supervisory control. It argues that the District Court's denial of its motion to dismiss was a mistake of law and that failing to correct this mistake of law would result in a significant injustice to BER for which appeal is an inadequate remedy. MEIC has responded that the District Court correctly denied BER's motion to dismiss and that even if it erred, supervisory control is unnecessary as BER could raise the issue on appeal.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

2

Here, BER asserts that forcing it to remain a party forces it to bear the costs of participating in the matter, and that appeal is an inadequate remedy because it will have been forced to bear those costs even if it ultimately prevails on appeal. While BER acknowledges that it could, as suggested by the District Court, file a notice of nonparticipation, it claims that doing so would foreclose its right to appeal. BER alleges that if this Court fails to grant the writ, judicial economy will suffer because BER will have to file motions to dismiss in other cases whenever it is named as a party.

MEIC responds that this matter is not appropriate for supervisory control because there is no urgency or threat of gross injustice. MEIC explains:

> While [BER] may disagree with the District Court's interlocutory denial of its motion to dismiss, the normal appeal process affords an adequate remedy. In the underlying judicial review case, there are no procedural entanglements—no discovery, no witnesses, no trial—merely briefs filed on an existing administrative record. If the Board wishes not to file a merits brief, it may—as it has done in other recent cases—simply file a notice of non-participation, reserving the right to appeal the denial of its motion to dismiss.

MEIC acknowledges that BER claims that filing a notice of non-participation would foreclose its right of appeal but notes that BER has offered no legal authority to support this claim. Thus, MEIC maintains that BER could expressly reserve its right to appeal, or alternately file a brief that asserts no position on the merits and thereby preserves BER's right to appeal the earlier adverse ruling. Under either scenario, MEIC maintains, BER would not suffer any gross injustice. Rather, MEIC characterizes this matter as "an academically interesting issue regarding permissible parties to judicial review under [MAPA]" without the urgency necessitated for supervisory control.

We agree that BER has not demonstrated that the normal appeal process is an inadequate remedy in this matter. BER has not convinced us that appeal is unavailable to it, nor that a gross injustice would occur if BER remains a party until the matter is resolved in the District Court. While the issue presented may be a question of law, BER has not set forth any urgent or emergency factors that would make the normal appeal process inadequate, as M. R. App. P. 14(3) requires.

3

IT IS THEREFORE ORDERED that BER's Petition for a Writ of Supervisory Control is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Sixteenth Judicial District Court, Rosebud County, Cause No. DV-19-34, and the Honorable Katherine M. Bidegaray, presiding Judge.

DATED this 14th day of July, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

4